UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
(at Lexington)

| | | |
|---|---|---|
| DAVID JONES, | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No. 5: 15-337-DCR |
| | ) | |
| V. | ) | |
| | ) | |
| CLARK COUNTY, KENTUCKY, et al., | ) | **MEMORANDUM OPINION** |
| | ) | **AND ORDER** |
| Defendants. | ) | |

\*\*\*   \*\*\*   \*\*\*   \*\*\*

Plaintiff David Jones alleges that the defendants violated his constitutional rights by arresting and prosecuting him for promoting child pornography where the charge was ultimately dismissed.  [Record No. 1, ¶ 2]  He also asserts related state law claims. The matter is pending for consideration of a motion to dismiss filed by Defendants Clark County, Berl Perdue, Jr., and Lee Murray and a motion to amend the Complaint filed by Plaintiff Jones.  [Record Nos. 4; 7]  The defendants argue that the action should be dismissed because: (i) both the federal and state law claims of false arrest/imprisonment and malicious prosecution are barred by the grand jury's finding of probable cause; (ii) certain claims are barred by the applicable statute of limitations; (iii) sovereign immunity bars the state law claims against Clark County; and (iv) the plaintiff fails to plead a claim of outrage.  [Record No. 4-1, pp. 1, 9]  Conversely, Jones contends that the tendered First Amended Complaint properly states a claim of malicious prosecution to overcome the rebuttable presumption that probable cause existed based on the grand jury's determination.  [Record No. 7]

- 1 -

For the reasons outlined below, the defendants' motion to dismiss will be granted and the plaintiff's motion to amend the Complaint will be denied.

## I.

Jones alleges that, on October 11, 2013, the Lexington Metro Division of Police ("LMDP") identified IP address 107.217.129.83 as the download source of a 39-second video depicting child pornography.  [Record No. 1, ¶ 9]  The LMDP contacted Officer Lee Murray, who secured a warrant on October 22, 2013, to obtain subscriber information for the IP address from AT&T Internet Services.  [*Id.*]  Following service of the warrant, AT&T identified Jones as the subscriber and provided his home address to Murray.  [*Id.*, ¶ 10]  On October 26, 2013,[1] Murray secured a search warrant for the residence.  [*Id.*]

That day, Murray executed the search warrant, seizing a tablet, cellphone, modem, printer, and DVDs.  [*Id.*, ¶ 11]  The officer also arrested Jones for promoting a minor under 16 years of age in a sexual performance under KRS § 531.320(2)(b).[2]   Jones was then taken to the Clark County Detention Center.  [*Id.*]  On October 31, 2013, Jones was transported to

---

[1]     Although the Complaint identifies the year as 2015, rather than 2013, in several locations, it appears from the defendants' allegations and the logical order of events that Jones intended to refer to 2013 for the dates of the warrant and interrogation.

[2]     According to Murray's affidavit, which is attached to the motion to dismiss, he spoke with Jones that day.  [Record No. 4-2, ¶ 4]  The plaintiff stated that he was home alone the day the video was downloaded, no one had the password to his computer tablet or to his wireless modem, and no one else used his cell phone.  [*Id.*]  As discussed in more detail below, the Court will not treat the present motion to dismiss as a motion for summary judgment.  Consequently, it will not consider the defendant's attached affidavit.  *See Weiner v. Klais and Co.*, 108 F.3d 86, 89 n.2 (6th Cir. 1997) (refusing to consider affidavit attached to summary judgment motion in considering motion to dismiss); *see also Jackson v. City of Columbus*, 194 F.3d 737, 745 (6th Cir. 1999) ("Documents attached to a motion to dismiss are considered part of the pleadings if they are referred to in the plaintiff's complaint and are central to the plaintiff's claim."), *abrogated on other grounds by Swierkiewicz v. Sorema N. A.*, 534 U.S. 506, 510 n.2 (2002).

the Clark County Sheriff's Office for an interrogation.  [*Id.*, ¶ 12]  He waived his right to counsel and answered all questions, denying any knowledge of activities related to child pornography.  [*Id.*]

On December 12, 2013, a state grand jury indicted Jones for violating KRS § 531.320(2)(b).[3]  [Record No. 4-3]  In November 2014, Jones' public defender had an expert examine the devices seized from the residence during execution of the search warrant. [Record No. 1, ¶ 13]  The forensic analysis uncovered no evidence of child pornography. [*Id.*]  As a result, on December 8, 2014, Jones filed a motion to dismiss the indictment or, alternatively, for bond modification.  [Record No. 4-4]  Following a hearing, Jones was released from custody on December 15, 2014.  [Record No. 1, ¶ 13]  Subsequently, the charge against him was dismissed on April 2, 2015.  [*Id.*]  Thus, Jones spent a total of fourteen months in jail during the investigation and prosecution of the underlying charge. [*Id.*, ¶ 14]

The Complaint asserts four counts against the defendants, with Perdue and Murray sued only in their individual capacities.  [*Id.*, pp. 1, 6−8]  Count I alleges Fourth Amendment

---

[3]     The Court may properly consider the indictment attached to the defendants' motion to dismiss as part of a Rule 12(b)(6) ruling because it is indirectly referred to in the Complaint and is central to the plaintiff's claim.  *See Jackson*, 194 F.3d at 745; *Weiner*, 108 F.3d at 89.  [Record No. 1, ¶¶ 1, 13]  In addition, the indictment adds nothing new but merely reiterates the contents of the Complaint.  *See Song v. City of Elyria*, 985 F.2d 840, 842 (6th Cir. 1993) (considering prior judgment attached to defendants' motion to dismiss).  Further, it is a public record.  *See Trapp v. Kimpel*, No. 3:13-cv-18, 2013 WL 4510570, *7 n.5 (S.D. Ohio Aug. 23, 2013) (citing *Sykes v. United States*, 507 F. App'x 455, 457 (6th Cir. 2012)).  Moreover, Jones does not dispute its validity.  *See Settles v. McKinney*, No. 3:12-CV-368-H, 2013 WL 5346503, *1 n.2 (W.D. Ky. Sept. 23, 2013) (taking judicial notice of indictment and declining to convert motion to one for summary judgment because indictment was "not subject to reasonable dispute") (quoting Fed. R. Evid. 201(b)).  The same goes for the attached motion to dismiss the indictment filed by the plaintiff in the underlying state court criminal action.  [Record Nos. 1, ¶ 1; 4-4]

- 3 -

search and seizure and Fifth/Fourteenth Amendment due process claims under 42 U.S.C. § 1983 due to the defendants' alleged deliberate indifference or malice in investigating, arresting, imprisoning, and prosecuting Jones for the child pornography charge. [*Id.*, ¶¶ 16−19] Additionally, the first count includes claims of unlawful imprisonment and malicious prosecution under the umbrella of § 1983. [*Id.*] The second count asserts that the defendants were negligent and grossly negligent under Kentucky common law. [*Id.*, ¶¶ 20−21] Next, Count III asserts claims of wrongful arrest, unlawful imprisonment, and malicious prosecution under Kentucky common law. [*Id.*, ¶¶ 22−23] Finally, the fourth count contends that the defendants intentionally inflicted emotional distress upon the plaintiff. [*Id.*, ¶¶ 24−25] Ultimately, Jones seeks damages to cover for mental pain and suffering, the deprivation of his liberty and loss of wages for fourteen months, and punitive damages. [*Id.*, p. 8]

## II.

When evaluating a motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure, the Court must determine whether the Complaint alleges "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). The plausibility standard is met "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). Although the Complaint need not contain "detailed factual allegations" to survive a motion to dismiss, the "plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and

- 4 -

conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555 (internal quotation marks and citation omitted).

Further, in considering a Rule 12(b)(6) motion, the Court is required to "accept all of plaintiff's factual allegations as true and determine whether any set of facts consistent with the allegations would entitle the plaintiff to relief." *G.M. Eng'rs & Assoc., Inc. v. W. Bloomfield Twp.*, 922 F.2d 328, 330 (6th Cir. 1990). However, the Court need not accept as true legal conclusions cast in the form of factual allegations if those conclusions cannot be plausibly drawn from the facts, as alleged. *See Iqbal*, 556 U.S. at 678 ("[T]he tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions."); *see also Papasan v. Allain*, 478 U.S. 265, 286 (1986) (noting that, in reviewing a motion to dismiss, the district court "must take all the factual allegations in the complaint as true," but that the court is "not bound to accept as true a legal conclusion couched as a factual allegation"). Thus, Rule 12(b)(6) essentially "allows the Court to dismiss, on the basis of a dispositive issue of law, meritless cases which would otherwise waste judicial resources and result in unnecessary discovery." *Glassman, Edwards, Wade & Wyatt, P.C. v. Wolf Haldenstein Adler Freeman & Herz, LLP*, 601 F. Supp. 2d 991, 997 (W.D. Tenn. 2009).

The defendants request that the Court convert their motion to dismiss to a motion for summary judgment because of the attached affidavit and supporting documents. [Record No. 4-1, p. 4] Under Rule 12(d) of the Federal Rules of Civil Procedure, if "matters outside the pleadings are presented to and not excluded by the court, the motion must be treated as one for summary judgment under Rule 56." However, according to Rule 10(c), a "copy of a

- 5 -

written instrument that is an exhibit to a pleading is a part of the pleading for all purposes." The purpose of Rule 10(c) is to prevent a plaintiff with a legally deficient claim from surviving a motion to dismiss "simply by failing to attach a dispositive document upon which it relied." *Weiner*, 108 F.3d at 89. As a result, documents referenced in the Complaint and central to the plaintiff's case may be attached to a motion to dismiss and considered in the ruling without converting the motion to one for summary judgment. *See id.*

It is not necessary to convert the motion to dismiss into a motion for summary judgment. The only document that the Court may not consider under the Rule 12(b)(6) standard is Officer Murray's affidavit. [Record No. 4-2] And this affidavit is not material in its resolving the issues presented in the motion to dismiss. Further, "[c]onsidering the early stage of the litigation in this case," it would be "premature" to evaluate the motion under the summary judgment standard. *See, e.g.*, *Mackie v. Green Tree Servicing, LLC*, No. 15-12741, 2016 WL 1640417, *3 (E.D. Mich. Apr. 26, 2016). Therefore, the Court will exclude the affidavit while considering the parties' arguments and address the issues under the Rule 12 standard.[4] *See id.*

---

[4]     The Court notes, however, that it could properly convert the motion to dismiss to a motion for summary judgment. Rule 12(d) requires only that the parties receive a "reasonable opportunity to present all the material that is pertinent to the motion." While a court should generally give advance notice of its intent to a treat a motion under the Rule 56 standard, in *Dayco Corp v. Goodyear Tire & Rubber Co.*, the Sixth Circuit held that such explicit notice was not necessary where seven weeks elapsed between service of the Rule 12(b)(6) motions and entering of the judgment. 523 F.2d 389, 392 (6th Cir. 1975). The court reasoned that there was no "unfair surprise" where the plaintiff made no effort to exclude the affidavits attached to the motion to dismiss and responded with its own affidavits. *Id.* at 393. Here, over seven months have passed since the filing of the motion to dismiss, which explicitly referred to the summary judgment standard. [*See* Record No. 4.] At no time has the plaintiff moved to exclude consideration of the attached documents or requested time for discovery prior to consideration of a summary judgment motion. Thus, Jones received reasonable notice that the Court might

## III.

The defendants first assert that the Fourth and Fifth Amendment seizure/due process, unlawful imprisonment, and malicious prosecution claims under 42 U.S.C. § 1983 should be dismissed due to the grand jury's determination that probable cause supported the underlying charge. [Record No. 4-1, pp. 5−6]  The defendants also allege that some of the federal claims are barred by the statute of limitations. [*Id.*, p. 5]  They raise similar arguments regarding the state law claims, and Clark County also asserts that it is protected by sovereign immunity with respect to those claims. [*Id.*, pp. 6−7]

### A.       Federal Claims – Count I

The defendants argue that they are entitled to qualified immunity for the § 1983 claims. [Record No. 4-1, p. 4]  Government officials performing "discretionary functions" are shielded from civil damages liability "as long as their actions could reasonably have been thought consistent with the rights they are alleged to have violated." *Solomon v. Auburn Hills Police Dep't*, 389 F.3d 167, 172 (6th Cir. 2004) (internal quotation marks and citation omitted).  First, the Court determines whether the facts as pleaded "show the officer's conduct violated a constitutional right." *Saucier v. Katz*, 533 U.S. 194, 201 (2001).  Second, the Court examines "whether the right was clearly established." *Id.*  Once a defendant raises this defense, the plaintiff bears the burden of alleging facts demonstrating that the defendant is not entitled to qualified immunity. *Silberstein v. City of Dayton*, 440 F.3d 306, 311 (6th Cir. 2006).  The defendants argue that Jones fails to state a claim for a constitutional

consider the present motion to dismiss under the Rule 56 standard. *See Wright v. Holbrook*, 794 F.2d 1152, 1156 (6th Cir. 1986).

violation regarding the search and seizure, false arrest/imprisonment, or malicious prosecution claims.  [Record No. 4-1, p. 5]

### 1.      Search and Seizure and Wrongful/False Arrest

Jones' "unreasonable seizure" and false arrest claims under § 1983 are one and the same, at least insofar as he refers to his initial arrest.  *See Zucker v. City of Farmington Hills*, __ F. App'x __, 2016 WL 1019041, *10 (6th Cir. Mar. 14, 2016) (unpublished) ("[W]e have repeatedly held that a plaintiff cannot allege a violation of state law in an action under 42 U.S.C. § 1983.").[5]  As a result, the Court will treat them as a Fourth Amendment unreasonable seizure claim.

### a.      Merits

"To show in response to a motion to dismiss that the arrest was wrongful, [the plaintiff] must plausibly allege that it was unsupported by probable cause."  *Wesley v. Campbell*, 779 F.3d 421, 429 (6th Cir. 2015).  "An officer possesses probable cause when, at the moment the officer seeks the arrest, 'the facts and circumstances within [the officer's] knowledge and of which [he] had reasonably trustworthy information [are] sufficient to warrant a prudent man in believing that the [plaintiff] had committed or was committing an offense.'"  *Id.* (quoting *Beck v. Ohio*, 379 U.S. 89, 91 (1964)).

---

[5]      *See also Pyles v. Raisor*, 60 F.3d 1211, 1215 (6th Cir. 1995) (explaining that wrongful arrest claim under § 1983 could not succeed if probable cause existed to support the arrest even if the officer violated a state law requirement that a misdemeanor be committed in the officer's presence).

- 8 -

The arrest occurred prior to the return of the indictment, meaning the Court must evaluate the officer's knowledge as of October 26, 2013.[6]  [Record No. 1, ¶ 10]  Officer Murray knew that a pornographic video of a child had been downloaded on Jones' IP address and he had a search warrant for Jones' residence.  [*Id.*]  In *Tuskan v. Jackson County*, the district court stated that probable cause existed for an arrest under nearly the same circumstances.  134 F. Supp. 3d 1041, 1050 (S.D. Miss. 2015).  In that case, the arresting officer had obtained information that an IP address assigned to the plaintiff had downloaded child pornography.  *Id.*  The court further explained that, even if probable cause did not support the warrantless arrest, the defendant was entitled to qualified immunity because "reasonable officers could disagree" about the existence of probable cause.  *Id.*

*Tuskan* suggests that probable cause existed in the present case, where Officer Murray knew that an IP address belonging to Jones had downloaded child pornography.  Even if probable cause did not support the arrest, meaning Murray may have wrongfully arrested Jones, the plaintiff's right was not "clearly established."  *See Saucier*, 533 U.S. at 201.  As a result, Murray is entitled to qualified immunity with respect to the October 26, 2013 arrest.  To the extent Sheriff Perdue participated in, authorized, approved, or knowingly acquiesced in Officer Murray's actions, because there was no underlying constitutional violation, he cannot be held liable under a supervisory or failure-to-train theory.  *See, e.g.*, *Mathis v. Wayne Cnty. Bd. of Educ.*, 782 F. Supp. 2d 542, 552 (M.D. Tenn. 2011).  [Record No. 1, ¶ 15]  Moreover, he also is entitled to qualified immunity.  *See Essex v. Cnty. of Livingston*, 518 F. App'x 351, 356 (6th Cir. 2013).

---

[6]     The plaintiff's alleged facts indicate that only Officer Murray physically participated in Jones' arrest.

### b.      Statute of Limitations

The defendants also argue that the unreasonable seizure or wrongful arrest claim under § 1983 is barred by the period of limitations.  [Record No. 4-1, p. 5]   "The constitutional claims asserted under 42 U.S.C. § 1983 are governed by the state personal injury statute of limitations." *Fox v. DeSoto*, 489 F.3d 227, 233 (6th Cir. 2007).  Under KRS § 413.140(1), that period is one year after the cause of action accrues.  *Id.*  "Under federal law the statute begins to run when plaintiff[] knew or should have known of the injury which forms the basis of [his] claims.  *Ruff v. Runyon*, 258 F.3d 498, 500 (6th Cir. 2001).  In other words, "a claim for wrongful arrest under § 1983 accrues at the time of the arrest or, at the latest, when detention without legal process ends." *Fox*, 489 F.3d at 233.

In the present case, the wrongful arrest claim accrued, at the latest, on December 12, 2013, when the grand jury returned an indictment, ending "detention without legal process." *See id.*  Although the plaintiff does not respond to the defendants' statute of limitations argument concerning the federal claims, he would likely contend that the wrongful arrest claim did not accrue until the prosecutor voluntarily dismissed the charges in April 2015.  [*See* Record No. 5, p. 5]

In *Wallace v. Kato*, the plaintiff was arrested without a warrant for first-degree murder and subsequently arraigned before a magistrate judge.  549 U.S. 384, 389 (2007).  In that case, the United States Supreme Court "drew a distinction between his period of imprisonment and the related constitutional torts that could support claims for damages." *Panzica v. Corr. Corp. of Am.*, 559 F. App'x 461, 464 (6th Cir. 2014) (citing *Wallace*, 549 U.S. at 390).  The false arrest claim spanned from the time of the arrest to the time of

- 10 -

arraignment, whereas the malicious prosecution claim covered the period of imprisonment following arraignment. *Wallace*, 549 U.S. at 391.

Jones' circumstances resemble those in *Wallace*, as he was arrested without a warrant prior to being indicted. [Record No. 1, ¶ 11] Consequently, his wrongful arrest claim (which must be separated from the malicious prosecution claim) accrued when he became held pursuant to legal process. *See Wallace*, 549 U.S. at 391. One year after the jury returned an indictment on December 12, 2013, was December 12, 2014.[7] [Record No. 4-3] Because Jones filed the Complaint on November 11, 2015, the one-year period of limitation had already run. [Record No. 1]

But Jones argues that he is entitled to equitable tolling because he was not aware that the defendants' conduct was wrongful until the charge was dismissed. *See Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005); *Rice v. Jefferson Pilot Fin. Ins. Co.*, 578 F.3d 450, 457 (6th Cir. 2009). [Record No. 5, p. 5] Such an argument was rejected in *Wallace*, 549 U.S. at 395. *See also Carter v. Porter*, 617 F. Supp. 2d 514, 519 (E.D. Ky. 2008) (reasoning that dismissal of charges is "relevant for statute-of-limitations purposes regarding the claim of malicious prosecution, but not for claims of wrongful arrest and false imprisonment") (citing *Cissell v. KFC Corp.*, No. 2006-CA-1596-MR, 2007 WL 3227571 (Ky. Ct. App.

---

[7]      If Jones would argue that the date of the arraignment, rather than the date of the indictment, is the appropriate date for the limitations period to begin, the Court notes that the arraignment "necessarily occurred shortly thereafter." *See Reed v. Carty*, No. 3:07CV-454-R, 2009 WL 223120, *5 (W.D. Ky. Jan. 26, 2009). Further, "legal process" includes an indictment. *See Zellars v. Culver*, No. 6:09-CV-406-GFVT, 2010 WL 2219590, *6 (E.D. Ky. Jun. 1, 2010) (plaintiff was detained pursuant to legal process upon indictment); *Fields v. Louisville/Jefferson Cnty. Metro. Gov't*, 2007 WL 4224216, *4 (W.D. Ky. Nov. 27, 2007) (same); *Fulcher v. Commonwealth*, 149 S.W.3d 363, 377 (Ky. 2004) ("'Legal process' would include an arrest warrant, an indictment, or an arraignment.") (internal citation omitted).

Nov. 2, 2007)).  Thus, Jones' unreasonable seizure or false arrest claim under § 1983 is barred by the statute of limitations.[8]  *See Fox*, 489 F.3d at 233.

### 2.    Malicious Prosecution

"[T]he right to be free from malicious prosecution [is] a right clearly established under the Fourth Amendment."[9]  *Spurlock v. Satterfield*, 167 F.3d 995, 1006 (6th Cir. 1999). In a malicious prosecution claim under § 1983, a plaintiff must allege that: (i) the defendant made, influenced, or participated in the decision to initiate a criminal prosecution against him; (ii) there was no probable cause; (iii) he suffered a deprivation of liberty as a consequence of a legal proceeding; and (iv) the criminal proceeding was resolved in his favor.  *See Sykes v. Anderson*, 625 F.3d 294, 308−09 (6th Cir. 2010).

The defendants contend that the grand jury's indictment negates the second element regarding probable cause.  [Record No. 4-1, p. 5]  A "finding by the grand jury is *prima facie* evidence of probable cause."  *Worley v. Columbia Gas of Ky., Inc.*, 491 F.2d 256, 263 (6th Cir. 1973).  However, an exception applies "when the defendants knowingly present false testimony to the grand jury."  *Martin v. Maurer*, 581 F. App'x 509, 511 (6th Cir. 2014) (granting defendants' motion for judgment on the pleadings).

---

[8]    To the extent the plaintiff wishes to distinguish a false arrest claim from wrongful detention after the arrest, the Court notes that the wrongful detention/imprisonment claim would still accrue at the time of the indictment, when a new cause of action for malicious prosecution began.  *See, e.g.*, *Searcy v. Cnty. Of Oakland*, 735 F. Supp. 2d 759, 765 (E.D. Mich. 2010) (explaining that false arrest and excessive force claims accrued on date of arrest but unlawful detention without bond claim accrued when plaintiff was released because he was never arraigned).  Consequently, the wrongful detention claim would also be untimely.

[9]    The Fourteenth Amendment's Due Process Clause "may not serve as the basis for a § 1983 malicious prosecution claim."  *Darrah v. City of Oak Park*, 255 F.3d 301, 308 (6th Cir. 2001).

- 12 -

Here, the grand jury's indictment of Jones for promoting a minor under 16 in a sex performance under KRS § 531.320(2)(b) establishes the existence of probable cause. *See Worley*, 491 F.2d at 263. Jones has not alleged that the defendants presented false testimony to the grand jury for obtaining the indictment. Therefore, the federal malicious prosecution claim fails. *See Martin*, 581 F. App'x at 511.

### 3. Municipal Liability

The defendants also contend that Jones' municipal liability claims against Clark County for unreasonable seizure/wrongful arrest and malicious prosecution are barred because Jones fails to allege underlying violations of his constitutional rights by the individual government officials—Murray and Perdue. [Record No. 4-1, p. 6] "If no constitutional violation by the individual defendants is established, the municipal defendants cannot be held liable under § 1983." *Watkins v. City of Battle Creek*, 273 F.3d 682, 687 (6th Cir. 2001); *see also Cooper v. Cnty. of Washtenaw*, 222 F. App'x 459, 473 (6th Cir. 2007). Jones does not take issue with the defendants' assertion in this regard.

Because Jones fails to allege violations of his constitutional rights by the individual defendants, his § 1983 claims against Clark County cannot survive a motion to dismiss. *See Denning ex rel. Denning v. Metro. Gov't of Nashville*, 330 F. App'x 500, 506 (6th Cir. 2009). Moreover, the statute of limitations issue addressed above bars the false arrest/imprisonment claim under § 1983 as against Clark County. *See Easterly v. Budd*, No. 4:06CV-186, 2006 WL 2404143, *16 (N.D. Ohio Aug. 18, 2006).

- 13 -

### B.      State Claims – Counts II Through IV

As an initial matter, it is appropriate for the Court to exercise supplemental jurisdiction over the state law claims presented.  The prerequisites for pendent jurisdiction are: (i) the federal claim has substance sufficient to confer subject-matter jurisdiction; (ii) the state and federal claims derive from a common nucleus of operative fact; and (iii) the plaintiff's claims would ordinarily be tried in one proceeding.  *Gaff v. Fed. Deposit Ins. Corp.*, 814 F.2d 311, 319 (6th Cir. 1987).  However, under 28 U.S.C. § 1367(c), district courts have discretion to decline to exercise supplemental jurisdiction when they dismiss all claims over which they have original jurisdiction.  28 U.S.C. § 1367(c)(3).

While there is a "presumption that a 12(b)(6) dismissal of the touchstone claims precludes the exercise of supplemental jurisdiction over any remaining claims," such a presumption can be overcome in "unusual circumstances."  *Musson Theatrical, Inc. v. Fed. Exp. Corp.*, 89 F.3d 1244, 1255 (6th Cir. 1996).  Unusual circumstances include: (i) the action was pending in federal court for an extended period of time; (ii) there is "substantial similarity between the predicate factual findings necessary to the resolution of both federal and state claims;" and (iii) the parties extensively briefed the issues concerning the state law claims.  *Aschinger v. Columbus Showcase Co.*, 934 F.2d 1402, 1412 (6th Cir. 1991); *see Musson Theatrical, Inc.*, 89 F.3d at 1256−57.

Here, the false arrest/imprisonment, malicious prosecution, negligence, and gross negligence claims depend on either: (i) whether probable cause supported Jones' arrest and prosecution; or (ii) the statute of limitations.  As a result, there is substantial similarity between the factual findings necessary to resolve both the federal and state law claims.  *See*

- 14 -

*Aschinger*, 934 F.2d at 1412.   In other words, dismissal of the state law claims without prejudice would result in duplicative litigation.   *See Fox v. Brown Memorial Home, Inc.*, 761 F. Supp. 2d 718, 724 (S.D. Ohio 2011).   Additionally, the IIED claim does not involve a novel issue of state law.   *See id.*   Further, the action has been pending on the Court's docket for nearly nine months.   *See Musson Theatrical, Inc.*, 89 F.3d at 1256−57.   [*See* Record No. 1.]   Moreover, the parties covered the merits of the state law issues in their briefs.   *See id.* Ultimately, the "commonsense policies of judicial economy outweigh any benefit in allowing" a Kentucky court to decide the state law claims.   *See Aschinger*, 934 F.2d at 1413. For these reasons, the Court will exercise supplemental jurisdiction over the state law claims.

### 1.      Sovereign Immunity – Clark County

The parties agree that Clark County is protected by sovereign immunity with respect to the state law claims of negligence/gross negligence, false arrest, malicious prosecution, and intentional infliction of emotional distress ("IIED").   *See Edmonson Cnty. v. French*, 394 S.W.3d 410, 414 (Ky. Ct. App. 2013).   [Record Nos. 4-1, p. 6; 5, p. 1]   As a result, the plaintiff's state law claims against Clark County in Counts II, III, and IV cannot stand.   *See, e.g.*, *Trent v. Huff*, No. 14-241-DLB-HAI, 2015 WL 4875330, *2 (E.D. Ky. Aug. 13, 2015) (dismissing state law claims against Kentucky State Police and officer in his official capacity); *see also Fluellen v. United States Dep't of Justice Drug Enforcement Admin.*, 816 F. Supp. 1206, 1215 (E.D. Mich. 1993).   Therefore, those claims will be dismissed with respect to Clark County.

### 2.      Count III

#### a.      False Arrest/Unlawful Imprisonment

- 15 -

The defendants argue that the false arrest or unlawful imprisonment claim is barred on the merits by the grand jury's finding of probable cause. [Record No. 4-1, p. 8] They also contend that the claim is barred by the applicable statute of limitations. [*Id.*] The Court agrees.

### i.  Merits

To plead a false arrest or false imprisonment claim, the plaintiff must allege that he was detained and that the detention was unlawful. *See Jefferson Dry Goods Co. v. Stoess*, 199 S.W.2d 994, 996 (Ky. Ct. App. 1947). A police officer may arrest an individual "[w]ithout a warrant when he or she has probable cause to believe that the person being arrested has committed a felony." KRS § 431.005(1)(c). Kentucky's probable cause standard mirrors the federal standard. *See Commonwealth v. Marshall*, 319 S.W.3d 352, 356−57 (Ky. 2010) (analyzing Section Ten of the Kentucky Constitution and KRS § 431.005(1)(c) in conjunction with claim under Fourth Amendment to the United States Constitution); *Williams v. Commonwealth*, 147 S.W.3d 1, 4 (Ky. 2004).

In the present action, the first element of a false arrest claim is established—Officer Murray detained Jones on October 26, 2013, and he was detained thereafter until December 15, 2014. *See Stoess*, 199 S.W.2d at 996. [Record No. 1, ¶¶ 11−12] However, it is unclear whether the facts as alleged establish probable cause for the arrest under Kentucky law. Because Kentucky courts follow the federal probable cause standard, the aforementioned case involving the identification of an IP address that downloaded child pornography is relevant for considering whether probable cause existed. *See Tuskan*, 134 F. Supp. 3d at 1050. But that case mentioned that probable cause "arguably" existed under those

- 16 -

circumstances and relied primarily on the heightened qualified immunity standard.  *Id.*  Because the Court cannot conclusively determine that probable cause existed for the October 26, 2013 arrest and the defendants have not asserted qualified immunity[10] for the state law claims, the Court will not dismiss the false arrest claim based on the merits.

### ii.    Statute of Limitations

The defendants also assert that the false arrest claim is barred by the statute of limitations.   [Record No. 4-1, p. 8]   The one-year limitations period from KRS § 413.140(1)(a) and (c) applies to such a claim.  *See Dunn v. Felty*, 226 S.W.3d 68, 70 (Ky. 2007).   The Supreme Court of Kentucky has endorsed the approach taken in *Wallace*, differentiating the limitations periods for false imprisonment and malicious prosecution claims and concluding that "a false imprisonment ends once the victim becomes held pursuant to [legal] process."  *Id.* at 72.

Because "favorable termination of criminal proceedings is not an element of false imprisonment," Jones' contention that the period of limitations began upon dismissal of the charges against him is incorrect.  *See id.*  Instead, the false arrest claim accrued when he was indicted pursuant to legal process.  *See id.*  Jones' citation to *Tucker v. Heaton* is unavailing because that case did not even involve a false arrest.  No. 5:14-CV-183-TBR, 2015 WL 3935883, *12 (W.D. Ky. Jun. 26, 2015).  The plaintiff was indicted on December 12, 2013. Therefore, the period of limitations began on that date, meaning the deadline for the filing of

---

[10]    The Court notes that "[q]ualified official immunity is an affirmative defense that must be specifically pled."  *Yanero v. Davis*, 65 S.W.3d 510, 522 (Ky. 2001).

the false arrest claim was December 12, 2014.[11]   [Record No. 4-3]   Consequently, the allegations in the Complaint are untimely, so that claim will be dismissed.

### b.      Malicious Prosecution

The elements for a malicious prosecution claim include: (i) the institution or continuation of judicial proceedings; (ii) by, or at the instance of, the defendant; (iii) the termination of such proceedings in the plaintiff's favor; (iv) malice; (v) lack of probable cause; and (vi) damages. *Raine v. Drasin*, 621 S.W.2d 895, 899 (Ky. 1981). The defendants take issue with the fifth element. [Record Nos. 4-1, p. 5; 6, p. 4] An indictment is *prima facie* evidence of probable cause, meaning its existence creates a rebuttable presumption of probable cause. *See Condor v. Morrison*, 121 S.W.2d 930, 931 (1938).

It is undisputed that there was an indictment by a grand jury. [Record No. 4-3] As a result, there is a presumption that the criminal charge was based on probable cause. The plaintiff must allege a "defect in the probable cause or warrant or indictment or subsequent prosecution" or "suggest[] an improper motive or [] improper acts" on the part of the defendants to state a malicious prosecution claim. *See Wheeler v. Kirkland*, No. 07-CV-336-JMH, 2008 WL 440287, *9 (E.D. Ky. Feb. 13, 2008) (dismissing malicious prosecution claim under Kentucky law); *see also Womack v. Conley*, No. 4:11-CV-39-TBR, 2013 WL 5966903, *18 (W.D. Ky. Nov. 8, 2013) ("In an effort to overcome the presumption of probable cause from prior proceedings, Plaintiff has made an allegation that false testimony/omissions at these prior proceedings were material to a finding of probable

---

[11]      Kentucky also endorses *Wallace*'s decision that the circumstances presented here do not entitle the plaintiff to equitable tolling. *See Dunn*, 226 S.W.3d at 73.

cause."); *Heath v. Brown*, No. 3:08-CV-248-S, 2010 WL 3239035, *5 (W.D. Ky. Aug. 16, 2010).

Because Jones fails to identify a defect in the indictment or allege specific facts suggesting that the officers acted improperly[12] (for example, by providing materially false testimony), he fails to state a claim for malicious prosecution under Kentucky law. Therefore, that claim will be dismissed.[13]

### 3.     Count II – Negligence and Gross Negligence

The defendants assert that Jones' negligence and/or gross negligence claims fail for the same reasons that the false imprisonment and malicious prosecution claims fail because they are premised on the same behavior.  [Record No. 4-1, p. 7]  A "plaintiff cannot proceed with a claim for negligence where the claim is really a malicious prosecution claim.  *Tunne v. Paducah Police Dep't*, No. 5:08CV-188-R, 2010 WL 323547, *11 n.4 (W.D. Ky. Jan. 21, 2010) (citing *Hill v. Willmott*, 561 S.W.2d 331, 334 (Ky. Ct. App. 1978)).   The same reasoning applies to a negligence claim based on false arrest.  *See Lewis v. Laurel Cnty. Sheriff's Dep't*, No. 09-280-GFVT, 2011 WL 3475370, *6 (E.D. Ky. Aug. 8, 2011).   Otherwise a plaintiff would "avoid the higher standards" associated with those claims.

---

[12]     Only Officer Murray testified before the grand jury.  Because Sheriff Perdue's link to the prosecution of the plaintiff is tenuous, the plaintiff's allegations regarding the second element of a malicious prosecution claim against him are questionable.  *See Raine*, 621 S.W.2d at 899. [Record No. 8, p. 5]

[13]     The state law malicious prosecution claim was brought within the period of limitations because the criminal charges were dropped on April 2, 2015, and this action was filed on November 11, 2015. *See Dunn*, 226 S.W.3d at 73.  [Record No. 1, ¶ 13]

*Tunne*, 2010 WL 323547, at *11 n.4.[14]  Likewise, a plaintiff's gross negligence claim cannot succeed if it is truly a false arrest or malicious prosecution claim.  *See Lewis*, 2011 WL 3475370, at *6.  Because Jones' negligence and gross negligence claims are based "on the same conduct discussed in relation to [his] claims of false arrest and malicious prosecution," the claims fail to withstand a motion to dismiss.  *See id.*

To the extent the negligence claim is actually a claim for negligent supervision against Perdue and/or Clark County, it is barred.  First, the portion of the claim pertaining to Jones' prosecution is "defective" because the plaintiff fails to allege a "cognizable tort" underlying the negligent supervision claim.  *See Youngblood v. City of Paducah*, No. 5:10-CV-206-R, 2012 WL 529871, *6 (W.D. Ky. Feb. 17, 2012); *see also Ten Broeck Dupont, Inc. v. Brooks*, 283 S.W.3d 705, 730 (Ky. 2009).  [Record No. 1, ¶¶ 5, 7]  Second, the portion of the claim pertaining to the arrest is barred by the applicable statute of limitations.  *See, e.g.*, *Gilley v. Dunaway*, 572 F. App'x 303, 309 (6th Cir. 2014) (applying same limitations period to claims of sexual abuse, failure to investigate, and negligent supervision asserted under § 1983 and Kentucky law).

### 4.   Count IV – IIED/Outrage

The tort of outrage is permissible where the defendants "solely intended to cause extreme emotional distress."  *Green v. Floyd Cnty.*, 803 F. Supp. 2d 652, 655 (E.D. Ky. 2011) (citing *Brewer v. Hillard*, 15 S.W.3d 1, 7–8 (Ky. Ct. App. 1999)).  "When the claim of emotional distress is a supplement to another tort claim, such as false imprisonment, the burden of showing sole intent cannot be met."  *Lovins v. Hurt*, Civil Action No. 11-216-JBC,

---

[14]    *See also Fox*, 2006 WL 1642294, at *6 n.3 ("Our conclusion that [the defendant] acted with objective legal reasonableness requires dismissal of the negligence claims.").

- 20 -

2011 WL 5592771, at *3 (E.D. Ky. Nov. 16, 2011) (citing *Rigazio v. Archdiocese of Louisville*, 853 S.W.2d 295, 299 (Ky. Ct. App. 1993)).

Traditional tort claims are available to Jones, such as: false imprisonment and malicious prosecution. These claims allow for the recovery of emotional distress damages. *See Carter v. Porter*, 617 F. Supp. 2d 514, 520 (E.D. Ky. 2008) (citing *McCoy v. RWT, Inc.*, Nos. 2003–CA–002177–MR, 2003–CA–002241–MR, 2005 WL 1593651, at *5 (Ky. Ct. App. July 8, 2005), *reversed on other grounds by* 244 S.W.3d 44 (Ky. 2008)); *Banks v. Fritsch*, 39 S.W.3d 474, 476, 481 (Ky. Ct. App. 2001). Jones' IIED claim cannot survive the motion to dismiss standard because he never alleges that the officers' actions were "solely intended to cause extreme emotional distress." *See Green*, 803 F. Supp. 2d at 655; *see also Vidal v. Lexington Fayette Urban Cnty. Gov't*, Civil Action No. 5: 13-117-DCR, 2014 WL 4418113, *9 (E.D. Ky. Sept. 8, 2014). Further, this case is dissimilar to *Brewer*, where a jury could reasonably conclude that the defendants' actions were solely intended to cause emotional damage. *See Brewer*, 15 S.W.3d at 8 (addressing sexual harassment).

Although Jones cites to a case that allegedly suggests an IIED claim may remain where other claims are time-barred or dismissed, that case does not seem to make such a suggestion. *See Papa John's Intern., Inc. v. McCoy*, 244 S.W.3d 44 (Ky. 2008). [Record No. 5, pp. 5−6] Assuming that case so suggests, the plaintiff must still plead that the officers' conduct was intended "only to cause extreme emotional distress in the victim." *Brewer*, 15 S.W.3d at 8. Because Jones makes no such claim, the Complaint is deficient in this regard. Thus, the Court will dismiss the IIED claim under Rule 12(b)(6).

- 21 -

## IV.

Under Rule 15 of the Federal Rules of Civil Procedure, leave to amend should be freely granted when justice so requires.  Fed. R. Civ. P. 15(a)(2).  However, the Sixth Circuit has cautioned that the right to amend is not absolute or automatic.  *Tucker v. Middleburg-Legacy Place, LLC*, 539 F.3d 545, 551 (6th Cir. 2008).  Factors that affect the determination include undue delay, lack of notice to the opposing party, bad faith or dilatory purposes on the part of the movant, repeated failure to cure deficiencies by previous amendment, undue prejudice to the opposing party, and futility of the amendment.  *Foman v. Davis*, 371 U.S. 178, 182 (1962); *Seals v. Gen. Motors Corp.*, 546 F.3d 766, 770 (6th Cir. 2008).

Jones seeks leave to amend the Complaint to include an additional paragraph stating as follows:

> [a]lthough Mr. Jones was subsequently indicted by the Grand Jury, no indictment should ever have been sought against Mr. Jones.  In addition, on information and belief, the Grand Jury would not have indicted Mr. Jones had Defendants disclosed to the Grand Jury: (a) that the terms of their own search warrant acknowledged that Mr. Jones was not a "suspect;" (b) that Mr. Jones had steadfastly maintained his innocence; and (c) that Mr. Jones' guilt or innocence could be conclusively established by a forensic examination of the devices seized at Mr. Jones' residence, but that no such examination had occurred.  The absence of such disclosure made the testimony on which the grand jury indictment was based knowingly and/or recklessly false.

[Record No. 7-1, ¶ 13]  The plaintiff asserts that this proposed amendment cures the deficiency in the malicious prosecution claim by rebutting the presumption of probable cause produced by the existence of the indictment.  [Record No. 7, p. 1]  The defendants contend that the proposed amendment is futile.  [Record No. 8, p. 4]

Jones concedes that the proposed amendment affects only the federal and state malicious prosecution claims.  [Record No. 7, p.1]  Essentially, the plaintiff argues that the new allegations rebut the presumption that probable cause existed to support the malicious prosecution claim.  More specifically, Jones alleges that the defendants failed to disclose certain information to the grand jury and failed to conduct a proper investigation.  [Record No. 9, p. 3]  However, under federal law, "the government has no duty to provide potentially exculpatory evidence to the grand jury." *Martin v. Maurer*, 581 F. App'x 509, 511 (6th Cir. 2014) (affirming grant of judgment on the pleadings because plaintiff could not rebut presumption of probable cause by alleging that officers withheld some exculpatory evidence).  Similarly, "once probable cause is established—here, by the grand jury indictment—the police have no constitutional duty to investigate further or to seek potentially exculpatory evidence." *Id.* at 512.

In other words, Jones cannot rebut the presumption of probable cause by alleging that the officers should have conducted a forensic examination of the devices seized from his residence.  *See id.*  Nor can he rebut the presumption by alleging that Officer Murray should have informed the grand jury that the search warrant affidavit stated that Jones was not a "suspect" and that Jones maintained his innocence.  First, the affidavit's statement regarding Jones' status as a non-suspect is merely an opinion, not a fact that should be presented to the grand jury.  Second, an officer's failure to inform the grand jury that an accused steadfastly maintains his innocence "does not equate to an allegation that the grand-jury proceedings were 'significantly irregular' or that the indictment resulted from perjured testimony."  *See Bickerstaff v. Lucarelli,* __ F.3d __, 2016 WL 3923880, *5 (6th Cir. Jul. 21, 2016) (quoting

- 23 -

*Harris v. United States*, 422 F.3d 322, 327 (6th Cir. 2005)).  As a result, Officer Murray did not omit material information such that he "stated a deliberate falsehood" or showed "reckless disregard for the truth."  *See Sykes*, 625 F.3d at 312; *Miller v. Davis*, No. 15-3923, 2016 WL 3472004, *7 (6th Cir. Jun. 24, 2016) (determining that falsehood was not actionable because it was immaterial to the probable cause determination).

Moreover, the facts alleged in the First Amended Complaint do not overcome qualified immunity with respect to the federal malicious prosecution claim.  Even if Officer Murray should have disclosed those three items to the grand jury, the plaintiff has provided no case law to support the idea that Murray's failure to do so violated Jones' *clearly established* rights.  *See Saucier*, 533 U.S. at 201.  And Jones has the burden to demonstrate that the officers are not entitled to qualified immunity.  *See Silberstein v. City of Dayton*, 440 F.3d 306, 311 (6th Cir. 2006).

Likewise, in Kentucky, "[a] prosecutor is not required to present exculpatory evidence to the grand jury."  *Shavers v. Commonwealth*, No. 2001-SC-232-MR, 2001-SC-923-MR, 2003 WL 21990214, *7 (Ky. Aug. 21, 2003).  In the same vein, officers filling out search warrants need not provide the reviewing magistrate with exculpatory material.  *See Cave v. Commonwealth*, No. 2002-SC-710-MR, 2004 WL 102358, *4 (Ky. Jan. 22, 2004).  In *Davis v. McKinney*, the court held that the plaintiff's malicious prosecution claim under Kentucky law could not survive where he alleged that the officer "ignored or failed to discover facts indicating" his innocence.  No. 4:08-CV-117-M, 2010 WL 1416737, *2 (W.D. Ky. Apr. 1, 2010).  Ultimately, Jones does not allege facts rebutting the presumption of probable cause produced by the existence of the indictment.

- 24 -

Therefore, Jones' proposed amendment is futile.  *See, e.g.*, *Meeks v. Larsen*, 611 F. App'x 277, 282−83 (6th Cir. 2015) (holding that the amended complaint failed to overcome the presumption of probable cause where it alleged that the indictment was based on "unlawfully seized evidence and false and misleading information" because it was too vague); *Bickerstaff*, 2016 WL 3923880, at *6.  Because the proposed amendment is futile, the Court will deny Jones' motion to amend the Complaint.  *See Foman*, 371 U.S. at 382.

## V.

Jones fails to state constitutional claims for unreasonable seizure and malicious prosecution under 42 U.S.C. § 1983.  Further, his federal unreasonable seizure/false arrest claim is barred by the statute of limitations.  Jones also fails to state claims for malicious prosecution, negligence, gross negligence, and intentional infliction of emotional distress under Kentucky law.  Moreover, his false arrest/imprisonment claim under Kentucky law is barred by the statute of limitations.  Accordingly, it is hereby

**ORDERED** as follows:

1.     The motion to dismiss filed by Defendants Clark County, Berl Perdue, Jr., and Lee Murray [Record No. 4] is **GRANTED**.

2.     All claims asserted by Plaintiff David Jones against the defendants are **DISMISSED**, with prejudice.

3.     This matter is **DISMISSED** and **STRICKEN** from the Court's docket.

4.     Jones' motion to amend the Complaint [Record No. 7] is **DENIED**.

5.     A separate Judgment shall issue this date.

- 25 -

This 3rd day of August, 2016.



Signed By:

*Danny C. Reeves*

United States District Judge